**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER JACKSON,

      Petitioner - Appellant,

vs.

        No. 00-6016
        (D.C. No. 99-CV-1183-L)

DAYTON J. POPPEL, Warden,
        (W.D. Okla.)

      Defendant - Appellee.

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Christopher Jackson, an inmate appearing pro se, seeks to appeal from the

denial of his habeas petition, 28 U.S.C. § 2254.  The district court dismissed the

petition as time-barred and we affirm.

      Mr. Jackson was convicted on various drug charges in Oklahoma state

court, and his conviction became final on October 10, 1995.  Under §

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

2244(d)(1)(A), Mr. Jackson had one year from the date on which his conviction became final to file the instant petition. However, because his conviction became final before the effective date of AEDPA, this one year statute of limitations did not begin to run until April 24, 1996. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). The instant petition was not filed until August 12, 1999. Although Mr. Jackson filed several state post-conviction applications which tolled the one year period, see 28 U.S.C. § 2244(d)(2), these applications were only pending for slightly over a year.

Mr. Jackson admits that his petition is untimely but argues that the one year limitation period should be equitably tolled. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (recognizing that § 2244(d) limitations are not jurisdictional and are subject to equitable tolling). First, he alleges that the prison law library did not have a copy of the Oklahoma appellate rules describing how to properly file an appeal from the denial of a post-conviction application. The district court refused to toll the limitations period in two instances where Mr. Jackson had improperly filed state post-conviction appeals. Second, Mr. Jackson alleges that the prison facility in which he was housed was on continued lockdown status from December 1996 to August 12, 1997. During this period, he was not allowed access to the law library or any legal materials.

Even assuming that these facts are true and warrant equitable tolling, Mr.

Jackson's petition is still untimely. His first state post-conviction application was not brought until June 10, 1996 (i.e., 47 days after April 24, 1996 when the limitations period began to run). Mr. Jackson has not alleged that any properly or improperly filed state petitions were pending from August 12, 1997 (after the lockdown ended) until January 22, 1998 (i.e., 163 days); or from April 9, 1998 until January 5, 1999 (i.e., 271 days). These three periods total some 481 days, far in excess of the one year limitation period. Therefore, the district court's dismissal of this petition as time-barred was proper.

We DENY the motion to proceed in forma pauperis, DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
